IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ELIEZER FLORES,**

    **Plaintiff,**

**v.**                                       **Case No. 2:04-cv-01270**

**EASTERN ASSOCIATED COAL CORP.,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Defendant's Motion for Summary Judgment. (Docket sheet document # 5). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is employed by Defendant at its Harris No. 1 Mine in Boone County, West Virginia. Defendant and the International Union, United Mine Workers of America (hereinafter "the Union") are signatory parties to the National Bituminous Coal Wage Agreement of 2002 (hereinafter "the Wage Agreement"). Plaintiff is a bargaining unit employee who is represented by Local Union 1503.

A provision in the Wage Agreement obligates coal operators who are signatory thereto to "maintain mine access roads in reasonably good condition to permit safe passage by Employees and their vehicles." Art. XXII, Section (b). (# 6, Ex. A at 259). The Wage

Agreement also contains provisions for exclusive and binding grievance and arbitration of all disputes arising thereunder, without recourse to the courts. Art. XXIII, Sections (c) and (h); Art. XXVII. (Id. at 273-278, 283-284).

Plaintiff alleges that, on December 17, 2003, while driving his vehicle on the Harris No. 1 mine access road, he hit an icy spot, collided with a guardrail, and damaged his vehicle. Pursuant to Step One of the grievance procedure contained in the Wage Agreement, Plaintiff initially complained to his foreman about the accident. The complaint was not resolved to Plaintiff's satisfaction. (See # 1, "UMWA-BCOA Standard Grievance Form").

On January 13, 2004, Plaintiff filed a Step Two grievance, in which he alleged that Defendant violated Article XXII, Section (b) of the Wage Agreement by not maintaining the mine access road in a reasonably safe condition. (Id.) The Step Two grievance was denied, and Plaintiff proceeded to Step Three of the grievance process; however, the Union withdrew the Step Three grievance prior to its resolution. (Id.)

On July 17, 2004, Plaintiff filed his Complaint in the Magistrate Court of Boone County, seeking $1,818.91, for damages to his vehicle and other expenses arising from his pursuit of the grievance process. (# 1, "Civil Complaint"). Defendant was served with a Summons and Complaint on or about November 17, 2004. (# 1, "Civil Summons").

On November 30, 2004, Defendant filed a Notice of Removal to the United States District Court for the Southern District of West Virginia, on the basis that Plaintiff's state law claims were completely preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (# 1). On December 15, Defendant filed an Answer to the Complaint. (# 4).

On December 30, 2004, Defendant filed the instant Motion for Summary Judgment (# 5), and a Memorandum of Law in support thereof (# 6). The Memorandum of Law addresses the preemption issue, and also asserts that Plaintiff's claims are barred by the binding grievance and arbitration provision in the Wage Agreement. (# 6 at 3-8). The Memorandum of Law also asserts that, to the extent that Plaintiff could bring a hybrid Section 301 claim[1] against Defendant and the Union, the applicable six-month statute of limitations expired prior to the filing of his Complaint. See 29 U.S.C. § 185(a); Foy v. Giant Food, Inc., 298 F.3d 284, 291 (4th Cir. 2002). (# 6 at 9).

On January 4, 2005, the undersigned entered a Notice and Order notifying Plaintiff of his right and obligation to respond to Defendant's Motion for Summary Judgment and setting deadlines for

---

[1] To succeed with such a claim, a Union employee must prove 1) that the employer violated the collective bargaining agreement, and 2) that the Union breached its duty of fair representation to the employee. See, *e.g.*, Thompson v. Aluminum Co. of America, 276 F.3d 651, 656 (4th Cir. 2002)(a hybrid claim "will only lie against an employer if the union has breached its duty of fair representation of the employee.")

3

Plaintiff's response and Defendant's reply. (# 7). On January 18, 2005, Plaintiff filed his Response (# 9).

In the Response, Plaintiff states, "I am seeking personal compensation in this matter in a response to Eastern Coal Co.'s failure to comply with the Wage Agreement." (# 9 at 1). Plaintiff further asserts:

> The day of the accident, I filled [sic; filed] a grievance to the union. After proceeding through Step 3, because of Eastern's failure to comply with the contract, I was advised to take this matter to small claims court by the union in July, obviously six months had passed.
>
> I am at no fault in this time frame for Eastern Coal Co. dictates when the next step will begin.
>
> Initially, I only sought compensation due to me for vehicular damages caused by roads on Employer's property that were not maintained as stated in the Wage Agreement. Eastern's decision to deny me such compensation had forced me to use personal resources to resolve this matter.
>
> In previous cases, Eastern Coal Co. has resolved matters similar to this one in a timely fashion. This prompts me to believe that I am a victim of discrimination, and that the delays in this grievance are the result of such discrimination.

(Id. at 2).

On January 28, 2005, Defendant filed a Reply, which states that "Plaintiff's own response shows that his claim is intertwined with Article XXII, Section (b) of the Wage Agreement . . . . Thus, Plaintiff's state law claim is preempted by Section 301." (# 10 at 1). The Reply further states:

> Plaintiff attempts to defeat the statute of limitations argument regarding his potential Section 301

> hybrid claim by arguing that the Union advised him in July 2004 to take his claim against Eastern to Court.
>
> * * *
>
> Because Plaintiff has not made any allegations that the Union breached its duty of fair representation, Plaintiff's potential hybrid Section 301 claim must fail.

(Id. at 2-3). Finally, the Reply asserts that Plaintiff has not properly alleged a claim of discrimination or demonstrated any evidence to support such a claim. (Id. at 3).

On February 10, 2005, Plaintiff filed a sur-reply in which he alleges that four other Eastern employees have "received payment for damages due to faulty road conditions on employer's property." (# 11). Plaintiff states that, "[i]n light of the previous actions taken by the company to settle these issues and their failure to compensate me for my similar claim, I can only come to the conclusion that I am somehow being discriminated against in my effort to be compensated." (Id.) Plaintiff has offered no sworn evidence to support this claim.

## STANDARD OF REVIEW

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings and evidence of record show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). This matter is ripe for determination, using this standard.

5

## ANALYSIS

**A. Section 301 Preemption and Binding Arbitration Clause.**

As stated in Defendant's Motion for Summary Judgment, "[a] state law claim is preempted [under Section 301] when resolution of the claim 'requires the interpretation of the collective-bargaining agreement' or is 'inextricably intertwined with consideration of the terms of the labor contract.'" Foy v. Giant Food, Inc., 298 F.3d 284, 287 (4th Cir. 2002)(quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399 (1988))(# 6 at 4). Furthermore, "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to the uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985).

Plaintiff's Magistrate Court Complaint is simple and undetailed. He lists only the amount of damages he is seeking, without any explanation of his claims. (# 1, Compl.). However, Plaintiff's underlying grievance alleges that Defendant breached the Wage Agreement by failing to maintain the mine access road in a safe condition. (# 1, "UMWA-BCOA Standard Grievance Form"). Plaintiff also seeks recovery of his personal expenses incurred during the grievance process. The success of these claims is necessarily dependent upon an interpretation of the Wage Agreement.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the application of state law is pre-empted, and Section 301 of the LMRA controls the resolution of Plaintiff's claims.

Defendant's Motion for Summary Judgment further states:

> In filing a state law claim regarding the accident on a mine access road, Flores is attempting to achieve through the courts what he could not achieve with his unsuccessful grievance. Allowing Flores' state law negligence claim to proceed in this manner ignores the procedure agreed to by Eastern and the Union for resolving such disputes and ignores the parties' intent to resolve disputes without involvement of the courts. . . . .if Flores had an issue with his grievance being denied, Flores' next step was to file a Section 301 breach of contract claim, not to file a state law claim.

(# 6 at 8).

The United States Supreme Court has held that "[a]n employee seeking a remedy for an alleged breach of the collective bargaining agreement between his union and employer must attempt to exhaust any exclusive grievance and arbitration procedures established by that agreement before he may maintain a suit against his union or employer." Clayton v. Union Auto Workers, 451 U.S. 679, 681 (1981) (citations omitted). Further, in the series of cases known as the "Steelworkers Trilogy," the Supreme Court established the principles that courts should read arbitration clauses in collective bargaining agreements broadly in determining whether to order submission of issues to arbitration, and that courts should refuse to enforce decisions rendered by arbitrators only in very

limited circumstances.[2] These principles are "intended to protect the integrity of the collective bargaining process and to further that aspect of national labor policy that encourages private rather than judicial resolution of disputes arising over the interpretation and application of collective bargaining agreements." Clayton, 451 U.S. at 687 (citation omitted).

The undersigned proposes that the presiding District Judge **FIND** that the grievance and arbitration process set forth in the Wage Agreement applies to this dispute, and that the Wage Agreement clearly and unmistakably indicates that such mandatory arbitration is "final and binding on both parties." (# 6, Ex. A at 277). The undersigned further proposes that the presiding District Judge **FIND** that the parties have contractually waived their rights to pursue such disputes in a judicial forum. (Id. at 283-284).

**B. Statute of Limitations on Hybrid Claim.**

Plaintiff's Complaint does not allege that the Union breached its duty of fair representation of Plaintiff. If Plaintiff's allegations in his Response, that the Union withdrew his Step Three grievance and told him to file a lawsuit, is an attempt to state a hybrid Section 301 breach of contract/breach of duty of fair representation claim, then Plaintiff must seek leave to amend his

---

[2] See Steelworkers v. American Mfg. Co., 363 U.S. 564 (1960); Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960); and Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960).

complaint. At present there is no such claim and the statute of limitations cannot be addressed.

   C.   **Allegations of Discrimination.**

Finally, the undisputed evidence of record fails to demonstrate that the denial of Plaintiff's grievances and the failure to settle this dispute were discriminatory. Plaintiff has not even identified a basis for discrimination. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim of discrimination.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's Motion for Summary Judgment (# 5).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the

portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff, who is proceeding pro se, and counsel of record.

   March 15, 2005     
        Date

                                  Mary E. Stanley  
                                  United States Magistrate Judge