UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ELIEZER FLORES,

    Plaintiff

v.                          Civil Action No.: 2:04-1270

EASTERN ASSOCIATED COAL CORP.,

    Defendant

MEMORANDUM OPINION AND ORDER

This matter is before the court on the Proposed Findings and Recommendation ("PFR") of United States Magistrate Judge Mary E. Stanley, filed March 15, 2005, and on the pro se plaintiff's objections thereto, filed March 24, 2005.

I.

Plaintiff Eliezer Flores filed a civil complaint in the Magistrate Court of Boone County, West Virginia on July 17, 2004, and defendant removed the action to this court on December 1, 2004.[1]  Plaintiff's asserted cause of action was not immediately clear on the face of the complaint, a form document on which

---

[1] It appears that defendant was served on November 17, 2004.

plaintiff had offered a brief statement of damages sought, but failed to express his claim.  Upon the filing of defendant's motion for summary judgment and supporting memorandum on December 30, 2004, and plaintiff's subsequent response, it seemed apparent that plaintiff sought damages in connection with a vehicular accident in which he was involved on the property of defendant, his employer.  (Pl. Letter-Form Resp.)  The magistrate judge construed plaintiff's claims based on a grievance he had filed in relation to that accident.  (PFR at 6.)  Plaintiff asserted that his employer was in violation of a provision of the applicable Collective Bargaining Agreement ("CBA") requiring it to "maintain mine access roads in reasonably good condition to permit safe passage by Employees and their vehicles."  (Pl. Letter-Form Resp. at 1, emphasis omitted.)

In her proposed findings and recommendation, the magistrate judge recognizes that plaintiff is a bargaining unit employee represented by Local Union 1503, and that the union and the defendant are signatory parties to the National Bituminous Coal Wage Agreement of 2002.  (PFR at 1.)  In accordance with the CBA, the union pursued a grievance on plaintiff's behalf for damages incurred in the accident, which occurred December 17, 2003.  The union took the claim through Step Three of the

procedure, at which juncture the Union withdrew the grievance prior to resolution.  (PFR at 2.)  Plaintiff then filed his complaint in this action in state court on July 17, 2004.  (PFR at 2.)

In her consideration of defendant's motion for summary judgment, the magistrate judge found that plaintiff's claims are preempted by Section 301 of the LMRA (PFR at 7), that the parties are bound to the dispute resolution procedures set forth in the CBA (PFR at 8), and that plaintiff's complaint failed to state a claim of discrimination (PFR at 9).  Based on these findings, the magistrate judge recommended that the district court grant defendant's motion for summary judgment.  Plaintiff timely filed his objection on March 24, 2005, and he supplemented his objection by filing with the District Clerk a letter which was received on April 18, 2005.

II.

Rule 72(b) of the Federal Rules of Civil Procedure provides in part that, once a magistrate judge has entered a recommendation for the disposition of a matter that is dispositive of a claim of a party,

> [w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).  Under this rule, the court is to consider de novo any portion of the magistrate judge's recommendation to which specific written objection has been made.  See Fed. R. Civ. P. 72(b), Advisory Committee Notes (explaining that the district judge to whom the case is assigned is to make a de novo determination "of those portions of the report, findings, or recommendations to which timely objection is made"; where no timely objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record"); see also Keating v. Secretary of Health and Human Services, 848 F.2d 271, 275 (1st Cir. 1988) (finding that an objection to certain portions of a magistrate's report does not preserve all the objections one may have and, absent objection, the district court may assume that the claimant acquiesced to the remaining portions

of the recommendation); see generally Thomas v. Arn, 474 U.S. 140, 149 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute.")

III.

The court's review of plaintiff's March 24th objections to the magistrate judge's recommendation reveals that plaintiff failed at that time to lodge any specific objection to the magistrate judge's findings, in accordance with Rule 72(b). Rather, plaintiff in essence has merely stated that he "disagree[s] with several issues" dealt with by the magistrate judge in her ten-page proposed findings and recommendation. (Obj. at 1.) Virtually the entirety of his March 24th objections are set forth by him as follows:

> . . . I was never asked for additional evidences or information to prove my case. The other four employees mentioned whose vehicles were damaged on company property their cases were settled on first step per Frankie Mooney, Union official. . . . Their names are Tommy Dickens, Carvel Asbury, Philip Beam and Claude Vickers; these employees wrecked their vehicles on the road to Robin Hood #8 Mine, which was owned by Peabody / Eastern Associates Mine Company. I can not provide any documentation as these

5

> cases were settle on the first step because per Union contract the company is responsible for maintaining roads in a safe and drive able condition for its employees.  For additional information you may contact Mr. Mooney . . . .
>
> I filed my case in a timely manner as you will see by the documents provided.  I feel that I should not be penalized for someone else mistake or oversight.  My accident happened on December 17, 2003, the same day that I filed first step through the proper union channels at work.  I had no control during the process of step one through step three.  When I learn that my case was denied I filed my case with the Magistrate Court of Boone County on July 16, 2004.  Again beyond my control the documents were not serve until November 16, 2004, as you will see on the documents, so again as I mentioned I did my part and should not be penalized due to the system not performing their duties properly.  I know for a fact that if [defense counsel] were to arrive at my residence / property and wreck their vehicles or fall due to ice they would expect me to reimburse them for their losses.
>
> Attached you will also find an estimate for the repair of my vehicle in the amount of $1,497.50, $50.00 for the tire replacement, $100.00 for mileage to Charleston and Beckley for union meeting in attempt to settle my case, and $171.47 for a days lost of wages.
>
> For additional information please feel free to contact me at the above phone number or address.[2]

---

[2] Though plaintiff states that he "never was asked for additional evidence[] or information to prove [his] case" (Obj. at 1), the magistrate judge entered an order on January 4, 2005, notifying plaintiff that he "must set out either in his own affidavit or sworn statement or the affidavits or sworn

6

(Obj. at 1.)

Plaintiff's March 24th objections are clearly inadequate to raise a specific, written objection under the standards of Rule 72(b).  As aptly explained by the magistrate judge, plaintiff's complaint fails to state a claim for discrimination or for Section 301 breach of contract or breach of duty of fair representation; the grievance and arbitration process set forth in the 2002 National Bituminous Coal Wage Agreement applies to the dispute raised in the complaint; and plaintiff did not exhaust the procedures established by that wage agreement.

But on April 18, 2005, the court received additional correspondence wherein, for the first time, plaintiff asserts that he was the victim of racial discrimination.  He writes:

> . . . On April 10, 2005 I received the proposed Findings and Recommendations.  In its contents it is mentioned numerous times that Plaintiff (myself) failed to specify objections on several issues.  I am very

---

statements of other witnesses specific facts. . . .  In the affidavits and exhibits, [p]laintiff should address, as clearly as possible, the issues and facts stated in the [c]omplaint and in the affidavits submitted by the [d]efendant."  Plaintiff offered no affidavits or statements in support of his letter-form memorandum opposing defendant's motion for summary judgment, attaching only his complaint and a "preliminary estimate" of damages as exhibits.

7

>disappointed with its contents, and do not understand what other grammar I am expect to use.  I am simply using down to earth terms, what is there not to understand.  I do not have the knowledge to interrupt (<u>sic</u>, interpret?) the articles, codes, and laws mention.
>
>On my letter dated March 24, 2005, I explained my concerns in detail, however per your recommendations I failed to list which proton (<u>sic</u>, portion?) of the Findings I objected too.  Why is this so hard to release (<u>sic</u>, realize?) what I am stating?  I have provided all evidences I have, what else is expected from me.  <u>I provided names of four other Non Hispanic employees whom encounter the same situation, and who's cases were settle during the first step and mine was not, which leads me that race plays a part in my case.</u>  I provided the four employees names and phone number along with the Union Officials name and number but to my surprise this is not sufficient information.  The interpretation for the words lost wages and reasonable good road conditions should be the same as they were years ago and the same interpretation used to settle all other cases.
>
>If the Attorney had taken an exam with four other co-workers from a different race, and they all scored the same grade, however the Attorney did not pass the exam would he be hollering discrimination and what would he use for grounds other then the names of four co-workers and the story in his own words.
>. . .

(Pl. Apr. 18th Letter at 1, emphasis supplied.)

The 2002 National Bituminous Coal Wage Agreement does not appear to provide a "clear and unmistakable waiver" of a

bargaining unit employee's statutory right to pursue his discrimination claims in a judicial forum.  Eastern Associated Coal Corp. v. Massey, 373 F.3d 530, 537 (4th Cir. 2004)(so holding with respect to claims filed under the West Virginia Workers' Compensation and West Virginia Human Rights Acts).  Plaintiff would be permitted to assert such a cause of action in court, provided that he does so at the appropriate time.

The court was not alerted to plaintiff's claims of race discrimination until the April 18, 2005, filing of his letter with the Clerk, well after the expiration of the period for filing objections to the magistrate judge's recommendation.  Plaintiff was aware of the filing deadlines for objections, inasmuch as the magistrate judge concluded her report by stating,

> [T]he parties shall have three days
> (mailing/service) and then ten days (filing
> of objections) from the date of the filing of
> this Proposed Findings and Recommendation
> within which to file with the Clerk of this
> court, specific written objections. . . .
> Failure to file written objections as set
> forth above shall constitute a waiver of de
> novo review by the district court and a
> waiver of appellate review by the circuit
> court of appeals.

(PFR at 9-10.)

A court must liberally construe the complaint of the pro se plaintiff.  The United States Court of Appeals for the

9

Fourth Circuit has written:

> It is now established doctrine that pleadings should not be scrutinized with such technical nicety that a meritorious claim should be defeated, and even if the claim is insufficient in substance, it may be amended to achieve justice. <u>Rice v. Olson</u>, 324 U.S. 786, 791-92, 65 S.Ct. 989, 89 L.Ed. 1367 (1945); <u>Holiday v. Johnston,</u> 313 U.S. 342, 350, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941). In one of the latest expressions on the subject, <u>Haines v. Kerner,</u> 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it was said that a complaint, especially a <u>pro</u> <u>se</u> complaint, should not be dismissed summarily unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,'" quoting from <u>Conley v. Gibson,</u> 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

<u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978).

The complaint that initiated this action gave no indication that plaintiff was asserting a race-based cause of action.  He simply proffered on the form document filed by him his accounting of the monetary damages sought.  The case before the magistrate judge moved expeditiously without any suggestion of a race discrimination claim.  The defendant filed its motion for summary judgment just fifteen days after having filed its answer to the complaint, and there is no indication that the parties had occasion to appear for a conference with the magistrate judge, or that any discovery was conducted, prior to the briefing on defendant's motion and the resultant

**recommendation of the magistrate judge.**

**While the court's "task is not to discern the unexpressed intent of the [pro se] plaintiff" (Laber v. Harvey, 438 F.3d 404, 413 n. 3 (4th Cir. 2006), it appears that fairness dictates at least that this pro se plaintiff be given an opportunity to present a more definite statement of his claim. The court finds that defendant, having sought summary judgment relief at an early stage in the proceedings and before having expended resources on discovery, would not be unduly prejudiced by amendment of plaintiff's complaint.**

## IV.

**For the reasons stated herein, it is ORDERED that the findings of the magistrate judge be, and they hereby are adopted by the court except as follows.  Though the magistrate judge's determination, based as it necessarily was on the record before her, was that plaintiff's claims were preempted by Section 301 of the LMRA, it now appears that may not be the case, and the magistrate judge's finding in that regard is set aside so the issue can be addressed anew.  Inasmuch as the magistrate judge correctly found that plaintiff's complaint failed to state a claim of discrimination, and plaintiff's April 18th letter**

11

indicates now that he intended to state such a claim, it is ORDERED that this matter be, and it hereby is, recommitted to the magistrate judge under the original reference to take all such further steps and proceedings herein as shall be appropriate in the course of treating plaintiff's claim as one based on the allegations set forth in his April 18th submission. It is further ORDERED that defendant's motion for summary judgment be, and it hereby is, denied without prejudice.

    The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: May 17, 2006

_____
John T. Copenhaver, Jr.
United States District Judge

12